**Robert B. ANDERSON, Secretary of the Treasury, Appellant,**

v.

**Juanita Kennedy MORGAN, Appellee**

**Juanita Kennedy MORGAN, Appellant,**

v.

**Robert B. ANDERSON, Secretary of the Treasury, et al., Appellees.**
**Nos. 14491, 14577.**

United States Court of Appeals District of Columbia Circuit.

No. 14491 Argued Dec. 4, 1958.

No. 14577 Argued Jan. 22, 1959.

Decided Feb. 12, 1959.

Petition for Rehearing Denied March 16, 1959.

Juanita Kennedy Morgan, pro se.

Mr. Nathan J. Paulson, Asst. U. S. Atty., with whom Messrs. Oliver Gasch,

U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief for appellant in No. 14491 and appellees in No. 14577. Mr. Harry T. Alexander, Asst. U. S. Atty., also entered an appearance for appellees in case No. 14577.

Before FAHY, DANAHER and BASTIAN, Circuit Judges.

PER CURIAM.

We consolidated these cases because of their close relationship and we dispose of them in one opinion. In No. 14491, in which appellee in the District Court sought to have set aside her separation as an employee in the Treasury Department the court directed appellant to place appellee on the retirement rolls as of the date of her separation. The Secretary of the Treasury appealed. In No. 14577, the employee, appellee in No. 14491, appeals from the same judgment.

In this court the appellant in No. 14491, one of appellees in No. 14577, calls attention to a certain incompatibility, in the context of these cases, between § 652 (a) under which the agency separation action was taken, and § 710 *, 5 U.S.C. (1952), the latter relating to retirement for disability. He appropriately suggests that the entire matter should be remanded to the District Court with instructions to remand the proceedings to the Treasury Department so that an involuntary application for retirement might be filed under § 710, which, if sustained, would render the litigation over the separation under § 652(a) moot. He also suggests that should the involuntary retirement application be disapproved by the Civil Service Commission then the agency should have leave to proceed further in accordance with the applicable statutes and Civil Service regulations.

Agreeing with these suggestions we shall vacate the judgment of the District Court and remand the cases to that court with directions to vacate its findings of fact and conclusions of law and remand the proceedings to the agency for vacation of the separation action and to permit appropriate proceedings to be instituted under § 710. In event such proceedings should not lead to retirement of the employee for disability the agency shall have the right on the administrative record previously made to proceed further in accordance with applicable statutes and Civil Service regulations.

It is so ordered.