**COLUMBIAN ROPE COMPANY,**
Appellant,

v.

**Togo D. WEST, Jr., Secretary of the Army, et al., Appellees.**

No. 97–5154.

United States Court of Appeals, District of Columbia Circuit.

Argued April 14, 1998.

Decided May 19, 1998.

Douglas L. Patin argued the cause and filed the briefs for appellant.

Glenn P. Harris, Trial Attorney, U.S. Small Business Administration, argued the cause for appellees, with whom Wilma A. Lewis, U.S. Attorney, Mark E. Nagle, R. Craig Lawrence and Wyneva Johnson, Assistant U.S. Attorneys, were on the brief.

Before: SILBERMAN, HENDERSON and ROGERS, Circuit Judges.

ROGERS, Circuit Judge:

Columbian Rope Company appeals from the grant of summary judgment rejecting its challenge to the Small Business Administration's decision that a rival bidder was eligible under the Small Business Act for a government contract. Because the contract has been fully performed and its options have expired, we dismiss the appeal as moot.

## I.

The Small Business Act ("the Act"), 15 U.S.C. §§ 631–657 (1994), directs federal agencies to reserve some government contracts for small businesses, with "[t]he Government-wide goal for participation by small business concerns ... established at not less than 20 percent of the total value of all prime contract awards for each fiscal year." *Id.* § 644(g)(1); *see id.* § 644(a). A business can qualify as a "small business concern" under the Act only if it is "independently owned and operated" and "not dominant in its field of operation." *Id.* § 632(a)(1). The Small Business Administration ("SBA") has authority to establish criteria to determine whether individual businesses qualify as small businesses and to apply those criteria in individual cases. *See id.* §§ 632(a)(2)(A), 637(b)(6).

One statutory rule and one regulatory rule regarding businesses' eligibility under the Act are at issue. Both rules are designed to ensure that small businesses actually perform a significant part of the work required by government contracts that they win. *See, e.g., Size Appeal of Nuclear Research Corp.,* S.B.A. No. 2828 (1988); *cf. Iconco v. Jensen Construction Co.,* 622 F.2d 1291, 1298 (8th Cir.1980) ("If a contract set aside for small businesses has been performed by a concern that is not small, the intent of Congress has not been advanced."). First, under the "50% Rule," a business cannot qualify as a small business concern for purposes of a contract for procurement of supplies unless it agrees that it "will perform work for at least 50 percent of the cost of manufacturing the supplies (not including the cost of materials)." 15 U.S.C. § 644(*o*)(1)(B). Second, through application of the "Manufacturer Rule," SBA decides whether a particular business qualifies as the manufacturer of the end product that is the subject of the contract.[1] If a business does not satisfy both the 50% Rule and the Manufacturer Rule, it cannot receive a contract for the manufacture of supplies reserved for small business concerns under the Act.

On June 9, 1994, the Department of the Army invited the submission of bids for a contract for rope assemblies to be used in connection with helicopter airlift operations. The Army reserved this contract for small business concerns under the Act. Columbian Rope Company ("Columbian") and Ocean Products Research ("Ocean Products") submitted bids, and the Army awarded the contract to Ocean Products. Columbian formally protested the award of the contract, challenging both whether Ocean Products would do a good job and its eligibility as a small business in light of its subcontracting of a significant portion of the work to a large company, American Manufacturing. The SBA Regional Office denied the protest and Columbian appealed to the SBA Office of Hearings and Appeals ("Hearings and Appeals"), which ruled that the protest was moot. However, after Columbian filed suit in the district court, the parties entered a stipulated order of dismissal, without prejudice, that Hearings and Appeals would decide the merits of Columbian's protest.

On November 22, 1995, Hearings and Appeals adopted the Regional Office's finding

---

1. At the time of the events in question, the Manufacturer Rule read:

   The following factors are evaluated in determining whether a concern is the manufacturer for the procurement:

   (i) The proportion of total value in the end item added by the efforts of the concern, excluding costs of overhead, testing, quality control, and profit; and

   (ii) The importance of the elements added by the concern to the function of the end item, regardless of their relative value.

   13 C.F.R. § 121.406(b)(2) (1995). SBA revised its regulations in January 1996; the Manufacturer Rule can be found in its current form at 13 C.F.R. § 121.406(b) (1997).

that Ocean Products "manufactures a substantial part of the end product" and thus satisfied the Manufacturer Rule. Because there was insufficient evidence in the record on the cost of manufacturing actually performed by Ocean Products relative to the cost of manufacturing subcontracted to American Manufacturing, Hearings and Appeals concluded that it could not determine whether Ocean Products met the 50% Rule and thus remanded that issue to the Regional Office for further investigation. On remand, after receiving additional information from Ocean Products on costs, the Regional Office reaffirmed that Ocean Products satisfied the 50% Rule. Columbian appealed again and, after reviewing the cost data that had been submitted, requested that Hearings and Appeals issue a subpoena for additional cost information from Ocean Products and hold an evidentiary hearing. Hearings and Appeals did neither, and on June 6, 1996, issued its second decision, this time upholding the Regional Office's determination that Ocean Products satisfied the 50% Rule.

Having lost its administrative appeal, Columbian filed a complaint in the district court asserting that the SBA decisions of November 22, 1995, and June 6, 1996, violated the Administrative Procedure Act.[2] Furthermore, Columbian maintained that SBA violated due process by ruling without conducting a hearing or issuing a subpoena for further cost data from Ocean Products. Columbian sought a permanent injunction enjoining the Army from ordering any more rope under the contract from Ocean Products and a declaratory judgment that Ocean Products is not a qualified small business manufacturer under the terms of the solicitation, that the contract award was invalid and should be terminated for convenience, and that the SBA Regional Office's and Hearings and Appeals's decisions were arbitrary and capricious, violated due process, and were not in accordance with law. The district court granted summary judgment to the government on May 20, 1997, and Columbian filed an appeal on June 13, 1997. On October 11, 1997, all the options on the contract expired,

and thus there can be no further performance under this particular contract.

## II.

■ On appeal, Columbian contends that the record did not support SBA's determination that Ocean met the 50% Rule, that SBA failed to follow its own regulations in concluding that Ocean satisfied the Manufacturer Rule, and that the procedures by which SBA denied Columbian's protest violated due process. The threshold issue, however, is whether this court lacks jurisdiction because the appeal is moot.

■ Article III of the Constitution restricts federal court jurisdiction to "actual, ongoing controversies." *Honig v. Doe,* 484 U.S. 305, 317, 108 S.Ct. 592, 601, 98 L.Ed.2d 686 (1988). "[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona,* 520 U.S. 43, ——, 117 S.Ct. 1055, 1068, 137 L.Ed.2d 170 (1997) (quoting *Preiser v. Newkirk,* 422 U.S. 395, 401, 95 S.Ct. 2330, 2334, 45 L.Ed.2d 272 (1975)) (internal quotation marks omitted). Thus, "[e]ven where litigation poses a live controversy when filed, the [mootness] doctrine requires a federal court to refrain from deciding it if 'events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future.' " *Clarke v. United States,* 915 F.2d 699, 701 (D.C.Cir.1990) (en banc) (quoting *Transwestern Pipeline Co. v. FERC,* 897 F.2d 570, 575 (D.C.Cir.1990)).

■ The work under the contract at issue has been completed, and all the options to extend the contract have expired. Columbian would not receive any cognizable benefit if the court granted the requested relief: neither injunctive relief preventing the government from making any further orders on the contract nor declaratory relief on the legality of the contract would affect the parties in any meaningful way because the con-

**2.** Columbian sued the Secretary of the Army, the Army contracting officer, the Administrator of

SBA, and the Acting Area Director of the SBA.

tract has been fully performed. The sole possible exception is Columbian's request for a declaratory judgment that "Ocean Products is not a qualified small business manufacturer under the terms of the solicitation, SBA's regulations and applicable law." As Columbian notes, the original Army solicitation upon which the contract was based still exists, and the Army or some other agency could rely upon it to issue another solicitation for bids. Columbian does not explain, however, how this court could possibly declare that Ocean Products will *never* qualify for a contract under the solicitation: even if Columbian is right that SBA mistakenly determined on this record that Ocean Products satisfied the 50% Rule and the Manufacturer Rule, application of these rules depends on facts that change over time. Although the court could declare that the particular size determination in question was not supported by the record, that issue is moot. A judicial determination on this record of Ocean Products's small business eligibility to bid on the rope assembly contract would not affect its ability to win either a future rope assembly contract on this solicitation or a contract based on a different solicitation.[3] The expiration of the contract has made Columbian's requests for relief meaningless; thus, this court cannot address the merits of the appeal unless some exception to mootness applies.

The only possibly applicable exception is that for issues that are capable of repetition yet evading review, *see, e.g., Honig,* 484 U.S. at 317–20, 108 S.Ct. at 600–01, but this exception cannot render Columbian's case justiciable. The exception applies when "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Murphy v. Hunt,* 455 U.S. 478, 482, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353

(1982) (per curiam) (quoting *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 348–49, 46 L.Ed.2d 350 (1975)) (internal quotation marks omitted); *see also Clarke,* 915 F.2d at 704. Even assuming that the length of a contract based on the Army solicitation might be too short to allow an effective challenge to the award of that contract, there is no "reasonable expectation" that Columbian will suffer this same injury. Columbian maintains that it may have to compete with Ocean Products in the future for contracts based on the same military specification, and thus that it may suffer once more if SBA again determines that Ocean Products qualifies as a small business concern. However, any determination made by this court regarding Ocean Products's size would only apply to the completed contract. The record does not indicate whether the government will again seek to purchase more rope assemblies for helicopter airlift operations under the same specifications. That possibility is therefore too speculative an interest upon which to base Article III jurisdiction.[4] *See Clarke,* 915 F.2d at 701–03. There is no "reasonable expectation" that Columbian will suffer again in a similar way and, hence, no jurisdictional basis for this court to issue a decision on the merits.

### III.

When a case has become moot during the pendency of appeal "due to circumstances unattributable to any of the parties," the standard practice is to vacate the decision of the district court. *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership,* 513 U.S. 18, 23, 25 n. 3, 115 S.Ct. 386, 390–91, 392 n. 3, 130 L.Ed.2d 233 (1994) (quoting *Karcher v. May,* 484 U.S. 72, 83, 108 S.Ct. 388, 395–96, 98 L.Ed.2d 327 (1987)) (internal quotation marks omitted); *see Arizonans for Official English,* 520 U.S. at ——, 117 S.Ct.

---

3. The potential of declaratory relief alone cannot save an action from mootness if the object of the suit is not "some ongoing underlying policy, but ... an isolated agency action." *City of Houston v. Department of Housing & Urban Dev.,* 24 F.3d 1421, 1429 (D.C.Cir.1994).

4. Columbian's request for a remand for Columbian to introduce evidence regarding the likeli-

hood of repetition is not appropriate. If the issues are capable of repetition, that very fact would counsel against any need for remand in order to allow this case to continue: if the issues recur, Columbian will have the opportunity then to develop the record as it pleases; if not, Columbian has no need for a remand.

**1318**

at 1071; *United States v. Munsingwear, Inc.,* 340 U.S. 36, 39 & n. 2, 71 S.Ct. 104, 106–07 & n. 2, 95 L.Ed. 36 (1950); *Clarke,* 915 F.2d at 706. Otherwise, the party who lost in the district court, who cannot gain direct review on appeal because of mootness, might be precluded from relitigating the issues in a future proceeding. *See Munsingwear,* 340 U.S. at 39–40, 71 S.Ct. at 106–07. Similarly, a court declining to review an agency order on the ground of intervening mootness should vacate that order, at least when the mootness is a result of happenstance. *See, e.g., A.L. Mechling Barge Lines, Inc. v. United States,* 368 U.S. 324, 329, 82 S.Ct. 337, 340–41, 7 L.Ed.2d 317 (1961); *American Family Life Assurance Co. of Columbus v. FCC,* 129 F.3d 625, 630–31 (D.C.Cir.1997). Because the instant case has become moot

due to the expiration of the contract, vacatur is appropriate, and, as ordered, meets Columbian's concerns regarding the possible preclusive effect of the district court judgment and SBA decisions.[5]

Accordingly, we dismiss the appeal as moot, vacate the judgment and order of the district court, and remand the case to the district court with instructions to dismiss the complaint and vacate the SBA decisions of November 22, 1995, and June 6, 1996.

---

**5.** Columbian has not requested vacatur inasmuch as its position is that the appeal is not moot in light of the possible preclusive effects of the district court and SBA decisions. While the Supreme Court confirmed in *U.S. Bancorp* that vacatur is an equitable remedy, *see U.S. Bancorp,* 513 U.S. at 25, 115 S.Ct. at 391–92; *see also National Black Police Ass'n v. District of Columbia,* 108 F.3d 346, 354 (D.C.Cir.1997), it did not thereby undo the established precedential backdrop of *Munsingwear,* in which the Supreme Court affirmed that vacatur is "the duty of the appellate court" when a case has become moot through happenstance while appeal was pending. *Munsingwear,* 340 U.S. at 40, 71 S.Ct. at 107 (quoting *Duke Power Co. v. Greenwood County,* 299 U.S. 259, 267, 57 S.Ct. 202, 205, 81 L.Ed. 178 (1936)) (internal quotation marks omitted); *see also Ramallo v. Reno,* 114 F.3d 1210, 1214 (D.C.Cir.1997); *American Library Ass'n v. Barr,* 956 F.2d 1178, 1186–87 (D.C.Cir.1992). Pursuant to that duty, this court should order vacatur

"*sua sponte* to preserve the rights of the parties." *Weaver v. United Mine Workers of America,* 492 F.2d 580, 587 n. 36 (D.C.Cir.1973).

Furthermore, Columbian errs when it contends that the court lacks authority to vacate the SBA decision. *See, e.g., Anderson v. Morgan,* 263 F.2d 903, 904 (D.C.Cir.1959) (per curiam); *cf. Arizonans for Official English,* 520 U.S. at ——, 117 S.Ct. at 1072 ("[V]acatur down the line is the equitable solution."). Columbian's position makes no sense: if the district court has the authority to vacate the SBA's order, which Columbian does not dispute, and this court has the authority both to vacate the district court's order and to "remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances," 28 U.S.C. § 2106, another proposition undisputed by Columbian, simple addition dictates that this court can direct the district court to vacate the agency orders on review.