# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued November 8, 2005      Decided February 14, 2006

No. 04-5235

ROGER HALL
APPELLANT

v.

CENTRAL INTELLIGENCE AGENCY,
APPELLEE

---

Appeal from the United States District Court
for the District of Columbia
(No. 98cv01319)

---

*James H. Lesar* argued the cause and filed the briefs for appellant.

*Carol Hrdlicka*, pro se, filed the brief as *amicus curiae* in support of appellant.

*Megan L. Rose*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Kenneth L. Wainstein*, U.S. Attorney, and *Michael J. Ryan*, Assistant U.S. Attorney. *R. Craig Lawrence* and *Diane M. Sullivan*, Assistant U.S. Attorneys, entered appearances.

Before: HENDERSON and GRIFFITH, *Circuit Judges,* and WILLIAMS, *Senior Circuit Judge.*

Opinion for the Court filed by *Senior Circuit Judge* WILLIAMS.

WILLIAMS, *Senior Circuit Judge*: Roger Hall, the plaintiff-appellant in this case, has made three sets of requests to the Central Intelligence Agency under the Freedom of Information Act ("FOIA"), seeking information about prisoners of war and individuals missing in action in the Vietnam War. The procedural ins and outs of the resulting litigation have been disconcertingly complex but for the most part need not be recited. The key issues between the parties relate to whether Hall was eligible for complete or partial waiver of fees for document search, review, and duplication. But the CIA's decision to deliver "the documents at issue in this case" to Hall without seeking payment moots these issues, as we will explain.

Although there appear to be lingering disputes over the scope of the CIA's search and the validity of its exemption claims, the merits of those issues are not before us because of a procedural twist: Hall failed to file a timely appeal from the district court's final order dismissing the case. As a result the only reviewable order is the court's denial of Hall's motion for reconsideration. With respect to each of Hall's claims we find either that they were mooted by the CIA's release of documents or that the district court did not abuse its discretion in denying them.

\* \* \*

In 1994 and 1998 Hall filed FOIA requests seeking information held by the CIA. Having received what he considered an inadequate response to the first request and no response to the later request within twenty business days as

required by FOIA, see 5 U.S.C. § 552(a)(6)(A)(i), he filed suit in district court. The CIA thereupon released some documents to Hall but withheld others in whole or in part.

The CIA moved for summary judgment, arguing that its searches were adequate and that it had properly invoked various FOIA exemptions to justify the withholding and redacting of some documents. The court ruled that the CIA's affidavits were insufficient for evaluation of the searches' adequacy and ordered submission of additional affidavits; as to the FOIA exemptions, it ruled largely but not entirely for the agency. Mem. Op. (Aug. 10, 2000).

A battle then ensued on the issue of fees. FOIA allows agencies to charge different fees for different kinds of requests. When records are sought for commercial use, an agency may charge fees for document search, duplication, and review. 5 U.S.C. § 552(a)(4)(A)(ii)(I). When a representative of the news media (inter alia) seeks records, the agency may collect only duplication fees. § 552(a)(4)(A)(ii)(II). When disclosure "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester," the agency must reduce fees further or eliminate them altogether. § 552(a)(4)(A)(iii). Hall argued initially that he was entitled to a public-interest waiver. The district court rejected the argument; it then ordered the parties to "file a joint report indicating whether or not plaintiff has committed to paying search and copying fees up to a specific amount. If he has not, the case will be dismissed." Mem. Op. (July 22, 2002) 7. The parties then continued to maneuver with respect to fees; each here seeks to cast blame on the other, but we need not recount those maneuvers here nor pick sides.

Meanwhile, Hall filed a third request to CIA in February 2003, incorporating his prior requests, adding a new group, and adding an alternative theory to support reduced fees—namely, his status as a representative of the media. In October 2003 Hall filed a motion for leave to file an amended and supplemental complaint that incorporated the February 2003 FOIA request and the new fee waiver contention. In addition, Hall filed a separate suit in district court, seeking to enforce the February 2003 request. Complaint for Injunctive Relief, *Hall v. CIA*, No. 04-0814 (D.D.C. filed May 19, 2004).

On November 13, 2003, the district court hearing the original case (the present one) issued two memorandum opinions. In the first it ruled that "[b]ecause plaintiff has declined to pay the fees for search and copying done by defendant by offering only $1,000, he has constructively abandoned his request and is not entitled to receive any additional documents." Mem. Op. (Nov. 13, 2003) 4. Accordingly the court dismissed the case. *Id*. at 6. The second opinion denied Hall's attempts to amend and supplement his complaint. Mem. Op. & Order (Nov. 13, 2003) ("Nov. 2003 Mem. Op. II"). Two weeks later, Hall mailed two checks totaling $10,906.33 to the CIA, but the CIA returned the checks without cashing them. Br. for Appellant 34 n.8.

Hall then filed a motion for reconsideration of both orders, purportedly under Rule 59(e) of the Federal Rules of Civil Procedure, but not within that rule's 10-day time limit. As the motion raised grounds cognizable under Federal Rule of Civil Procedure Rule 60(b), the district court properly addressed the motion as one under that rule. See *Computer Professionals for Social Responsibility v. U.S. Secret Service*, 72 F.3d 897, 903 (D.C. Cir. 1996) ("An untimely motion under Rule 59(e) may be considered as a motion under Rule 60(b) if it states grounds for relief under the latter rule."). Rule 60(b), so far as relevant here,

imposes no time limits, but under Rule 4(a)(4)(A)(v) & (vi) of the Federal Rules of Appellate Procedure, the filing of a Rule 60(b) motion doesn't toll the time for filing an appeal when filed more than 10 days after the judgment. The district court denied the motion in April 2004. Mem. Op. (April 22, 2004) ("April 2004 Mem. Op."). By this time, the deadline for filing a notice of appeal had passed. Hall filed a timely notice of appeal from the April 2004 order.

On the eve of oral argument the CIA informed the court that it "has decided to use its administrative discretion to voluntarily release the documents at issue in this case without payment from appellant." Appellee's Suggestion of Mootness 2. Hall's counsel has since confirmed by letter that he received "a package containing a release of documents responsive to Freedom of Information Act requests made by [his] client, Mr. Roger Hall, in 1994 and 1998."

We first explain briefly why Hall may not directly appeal the November 2003 orders. We then turn to Hall's appeals from the district court's denial of his motion for reconsideration. Because the fee waiver claims are moot due to the CIA's release of documents we vacate the district court orders insofar as they adjudicate such issues; otherwise we affirm.


I.  Direct Appeal

Hall suggests that because of "unique circumstances" the time for filing a notice of appeal of the November 2003 orders should be extended. But such a relaxation of the time limits is permitted only under very narrow circumstances involving reasonable reliance on a district court's decisions—not its silence—in response to motions labeled "Rule 59(e)." See *Webb v. Department of Health & Human Services*, 696 F.2d

101, 104-06 (D.C. Cir. 1982); cf. *Center for Nuclear Responsibility, Inc. v. U.S. Nuclear Regulatory Commission*, 781 F.2d 935, 942 (D.C. Cir. 1986) (rejecting idea that district court's merely taking a belated Rule 59(e) motion under advisement extends the time limits). Hall appears to rest only on the failure of both court and adversary to object to his mislabeling of his Rule 59(e) motion. In our adversarial system, it was not their duty to give him an alert.

## II. Appeal from Denial of Motion for Reconsideration

As noted earlier, the district court properly construed Hall's motion for reconsideration as one made under Rule 60(b). Hall appeals the district court's rejection of four claims, and we review them in turn for abuse of discretion. See, e.g., *Twelve John Does v. District of Columbia*, 117 F.3d 571, 579 (D.C. Cir. 1997). The district court analyzed the first three claims under Rule 60(b)(1), namely, arguments (1) that Hall's complaint should be dismissed, (2) that Hall was not entitled to a public-interest fee waiver, and (3) that Hall should not be permitted to amend or supplement his complaint. Rule 60(b)(1) provides: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect . . . ." Relief under Rule 60(b)(1) motions is rare; such motions allow district courts to correct only limited types of substantive errors. See, e.g., *D.C. Federation of Civic Ass'ns v. Volpe*, 520 F.2d 451 (D.C. Cir. 1975); see also *Center for Nuclear Responsibility, Inc.*, 781 F.2d at 940 (declining to extend the analysis in *Volpe*). The district court analyzed Hall's fourth claim under Rule 60(b)(5), and we momentarily defer consideration of that issue.

*Dismissal*. In the motion practice leading up to the court's November 13, 2003 dismissal, Hall naturally offered arguments

against dismissal. His motion for reconsideration objected to the dismissal, and the district court denied reconsideration under Rule 60(b)(1). April 2004 Mem. Op. at 7. Hall's briefs don't contest the reasons the district court offered for denying reconsideration, so his appeal on this issue fails and we affirm the district court's dismissal of the case.

*Denial of Public-Interest Waiver.* We find that the CIA's decision to release documents to Hall without seeking payment from him moots Hall's arguments that the district court's denial of a fee waiver was substantively incorrect. The rule against deciding moot cases forbids federal courts from rendering advisory opinions or "decid[ing] questions that cannot affect the rights of litigants in the case before them." See, e.g., *Pharmachemie B.V. v. Barr Laboratories, Inc.*, 276 F.3d 627 (D.C. Cir. 2002). Hall's position is the same as that of the FOIA requesters in a previous case who wanted to continue their challenge to an agency's initial denial of a fee waiver even after the agency reversed its position and waived the fees at issue. Like theirs, Hall's case is moot because he already has "obtained everything that [he] could recover . . . by a judgment of this court in [his] favor." *Better Government Ass'n v. Department of State*, 780 F.2d 86, 91 (D.C. Cir. 1986) (internal citations omitted, bracketed pronouns ours).

Hall fails to undermine the government's mootness claim with his argument that the media status claim is capable of repetition, yet evading review. Assuming in Hall's favor that the matter is capable of repetition, we fail to see how the issue has any tendency to evade review. Denials of fee waivers do not seem inherently of such short duration that they cannot ordinarily be fully litigated before their cessation. See *United States v. Weston*, 194 F.3d 145, 148 (D.C. Cir. 1999).

There remains the question whether the district court decisions relating to Hall's fee-related claims should be vacated; we believe they should. The normal principle is that "when mootness results from unilateral action of the party who prevailed below," *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 25 (1994) (citations and footnote omitted), the moot judgment should be vacated lest the losing party, denied an opportunity to appeal by its adversary's conduct, should later be subject to the judgment's preclusive effect. See *United States v. Munsingwear, Inc.*, 340 U.S. 36, 40 (1950). We have previously applied this principle in the FOIA context. See *Armstrong v. Executive Office of the President*, 97 F.3d 575, 582 (D.C. Cir. 1996). Unlike in *Armstrong*, neither party here has requested vacatur, but such a request is unnecessary. See *Columbian Rope Co. v. West*, 142 F.3d 1313, 1318 & n.5 (D.C. Cir. 1998). Here, vacatur appears plainly appropriate. As noted, Hall has already filed a second lawsuit regarding his February 2003 FOIA request. The CIA has raised defenses of issue and claim preclusion. See Br. for Appellant 33 n.8. Moreover, the scope of the CIA's release of documents without payment is unclear. Under these circumstances, the CIA's unilateral action here should not preclude Hall from litigating fee waiver questions in that suit. We therefore vacate each of the district court's decisions to the extent that they relate to the payment of fees. See *Arizonans for Official English v. Arizona*, 520 U.S. 43, 75 (1997) (finding "vacatur down the line" the equitable solution); see also *Columbian Rope Co.*, 142 F.3d at 1318 n.5.

*Amended and Supplemental Complaint.* Hall's proposed new complaint differed from his original complaint in two ways: He added a claim based on the set of FOIA requests initially made in February 2003, and he formally sought fee waivers, both as a representative of the news media and on public-interest

grounds.  (The original complaint had not claimed a fee waiver, but the parties litigated his public-interest theory without objection.  Cf. FED. R. CIV. P. 15(b).)  Hall did not specify whether these revisions were amendments or supplemental pleadings.  The addition of the new FOIA request is plainly a supplemental pleading as defined by Federal Rule of Civil Procedure 15(d), as it "sets forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented."  See *United States v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002) (internal quotation marks omitted).  Such supplements always require leave of the court. *Id*.  Insofar as the fee waiver contentions apply to Hall's first two sets of FOIA requests they appear to be amendments, as they "relate to matters that occurred prior to the filing of the original pleading," 6A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1504, at 184 (2d ed. 1990); insofar as they apply to the third set, they appear to be a supplement.

Because Hall's proposed amendments all pertain to the fee question, they are moot.  His proposed supplement, however, is not.  The district court rejected the supplement in the second of its November 13, 2003, rulings and again in its denial of Hall's motion for reconsideration.  Hall seeks to appeal both.  For the reasons already given, appeal of the original ruling is unavailable.

In denying Hall's motion for reconsideration, the district court focused on two factors.  First, it noted the absence of factors that would warrant correction of substantive errors. April 2004 Mem. Op. at 8.  Second, the district court invoked its analysis in initially denying Hall's motion, *id*., where it had concluded that allowing Hall to supplement his complaint would both unduly delay resolution of the case and prejudice the defendant.  Nov. 2003 Mem. Op. II at 2-3 (citation omitted). Delay and prejudice are precisely the matters to be addressed in

considering whether to grant motions for supplemental pleadings; such motions are to be "freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action." WRIGHT ET AL., *supra*, § 1504, at 186-87. In analyzing prejudice, the district court referred to Hall's ongoing refusal to pay fees, Nov. 2003 Mem. Op. II at 3, a matter now moot, but it does not appear to have regarded that conduct as pivotal. Moreover, the suit already filed as to the February 2003 FOIA request protects Hall from prejudice as to any claims arising out of that request, as the district court foresaw. Thus we find no abuse of discretion in the court's denial of that aspect of Hall's motion.

*Vacatur Under Rule 60(b)(5).* Hall also appeals the district court's rejection of his request to vacate its November 2003 dismissal of the case because he had, after the dismissal, attempted to pay the fees that the CIA had sought. In making this argument Hall relies on Rule 60(b)(5), which provides in relevant part that "upon such terms as are just," the court may provide relief because "it is no longer equitable that the judgment should have prospective application." Hall argues that his tendering of the entire balance of fees rendered it "no longer equitable" that he be subject to the judgment of dismissal. The only "prospective application" of the judgment that Hall appears to invoke is its potential claim- or issue-preclusive effect. Br. for Appellant 33. Insofar as the argument relates to the fees dispute, of course, our order vacating the judgment as moot removes any possibility of such an effect on those issues. In any event, preclusive effects do not qualify as "prospective application[s]" under Rule 60(b)(5), which is addressed to "executory" decrees or ones involving "the supervision of changing conditions or circumstances." *Twelve John Does v.*

11

*District of Columbia*, 841 F.2d 1133, 1139-40 (D.C. Cir. 1988). The district court's rejection of Hall's argument was correct.

\* \* \*

The district court's orders are vacated to the extent moot and in all other respects affirmed.

*So ordered*.