# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

**No. 20-5184**                    **September Term, 2021**

FILED ON: JANUARY 21, 2021

MIRLIN TOOMER,

               APPELLANT

v.

LLOYD J. AUSTIN, III, SECRETARY, U.S. DEPARTMENT OF DEFENSE,

               APPELLEE

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:11-cv-02216)

———

Before: WILKINS, RAO and JACKSON, *Circuit Judges*

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the reasons stated in the memorandum accompanying this judgment, it is

**ORDERED** and **ADJUDGED** that the judgment of the district court be **AFFIRMED**.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

                                   **FOR THE COURT:**
                                   Mark J. Langer, Clerk

                   BY: /s/
                             Daniel J. Reidy
                             Deputy Clerk

**M E M O R A N D U M**

About a year after losing her employment discrimination suit at the summary judgment stage, Plaintiff-Appellant Mirlin Toomer filed a motion for relief from that judgment under Federal Rule of Civil Procedure 60(b). Toomer maintained that the district court should set aside its summary judgment decision because she had presented evidence from which a reasonable jury could conclude that she had been subjected to a racially hostile work environment and retaliation at the National Geospatial-Intelligence Agency ("NGA"). *See* 42 U.S.C. § 2000e-16(a).

The district court denied Toomer's Rule 60(b) motion. *Toomer v. Esper*, 464 F. Supp. 3d 157, 173 (D.D.C. 2020).[1] In a carefully reasoned opinion, the court explained that Toomer had not shown any "clear" or "obvious" error in the initial summary judgment determination. *Id.* at 166–67, 172. Indeed, Toomer's Rule 60(b) motion largely repeated arguments she had made in opposing summary judgment. *See id.* at 170.[2] Toomer timely appealed the district court's denial of her Rule 60(b) motion, and we have jurisdiction. *See* 28 U.S.C. § 1291.

Unlike the de novo standard applicable to a direct appeal from summary judgment, we review the district court's denial of Toomer's Rule 60(b) motion only for abuse of discretion. *See Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988). And as the movant, Toomer "bears the burden of establishing that [the rule's] prerequisites are satisfied." *Gates v. Syrian Arab Republic*, 646 F.3d 1, 5 (D.C. Cir. 2011) (citation omitted). This means Toomer must demonstrate that the district court discounted or ignored errors in its summary judgment decision that were subject to correction under Rule 60(b). Finding no abuse of discretion, we affirm.

**I.**

Toomer first invokes Rule 60(b)(1), which permits a district court to "relieve a party . . . from a final judgment, order, or proceeding" where warranted by "mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(1). "Relief under Rule 60(b)(1) motions is rare" because "such motions allow district courts to correct only limited types of substantive errors." *Hall v. CIA*, 437 F.3d 94, 99 (D.C. Cir. 2006). It remains unresolved in this circuit whether "errors in legal reasoning may be corrected by Rule 60(b)(1) motions." *Comput. Prof'ls for Soc. Resp. v. U.S. Secret Serv.*, 72 F.3d 897, 903 (D.C. Cir. 1996). But we need not resolve that question here because, even assuming Rule 60(b)(1) may be used to correct clear errors in legal reasoning, Toomer has fallen far short of demonstrating that the district court abused its discretion when it concluded its summary judgment decision contained no clear error.[3]

---

[1] The named defendant is the Secretary of Defense. Although now captioned *Toomer v. Austin*, the district court decisions relevant to this appeal were *Toomer v. Mattis*, 266 F. Supp. 3d 184 (D.D.C. 2017) (summary judgment), and *Toomer v. Esper*, 464 F. Supp. 3d at 173 (motion for relief from the judgment).

[2] Rule 60(b) motions that repeat arguments already made to and rejected by a district court are often summarily rejected. Here, however, the district court provided thirty-four pages of analysis in support of its decision. Nothing here should be read to suggest that the court was obliged to offer such detail.

[3] By arguing for only clear-error review of the summary judgment ruling before the district court, Toomer forfeited any argument that a less demanding standard should govern the sort of errors warranting relief under Rule 60(b). *See Gov't of Manitoba v. Bernhardt*, 923 F.3d 173, 179 (D.C. Cir. 2019).

1

**A.    The District Court Did Not Abuse Its Discretion In Denying Toomer's Rule 60(b)(1) Motion Regarding Her Hostile Work Environment Claim**

On appeal, Toomer's hostile work environment claim focuses on two contentions.

*First*, Toomer says that, when the district court ruled against her at the summary judgment stage, it incorrectly minimized the importance of "a black monkey figure hanging from a noose-like rope" in her workplace. Appellant's Br. 5. She suggests that the district court failed to consider the implications of the suspended figure for a person similarly situated to her. But the district court carefully explained why she is mistaken. To start, the court recognized the "shameful history of negative racial stereotypes" involving imagery of monkeys and nooses. *Toomer v. Esper*, 464 F. Supp. 3d at 168. Upon reviewing the undisputed evidence, however, the court explained both that "[t]here is no noose at issue in this case" and that "there is a benign explanation for the" disputed figure's presence in Toomer's workplace. *Id.* Accordingly, it concluded that "a *reasonable observer* of the images that . . . show the action figure displayed as [Toomer] observed it . . . would not describe that action figure as being hung in a noose." *Id.* (internal quotation marks omitted); *see Scott v. Harris*, 550 U.S. 372, 380–81 (2007) (noting that even on a motion for summary judgment, where a party's "version of events is . . . utterly discredited" by video or photo evidence, courts should believe their eyes); *Smith v. United States*, 843 F.3d 509, 514 (D.C. Cir. 2016) (same). We find no abuse of discretion in the district court's Rule 60(b)(1) determination that the court had not clearly erred in its analysis of the alleged "noose" with respect to the Secretary's motion for summary judgment on Toomer's hostile work environment claim.

*Second*, Toomer argues that the district court clearly erred at summary judgment when it found that statements by Toomer's supervisor were not severe or pervasive enough to support her hostile work environment claim. Toomer says she brought the suspended figure to the attention of her supervisor Diane Stiger, but that Stiger dismissed her concerns and asked Toomer: "do you think of yourself as a monkey?" Toomer Dep. at 147, J.A. 144. Toomer argues that Stiger's words constituted the sort of "unambiguously racial epithet" that we have suggested might create a hostile work environment after a single utterance. *See Ayissi-Etoh v. Fannie Mae*, 712 F.3d 572, 577 (D.C. Cir. 2013) (per curiam) (citation omitted). Thus, Toomer argues that the district court clearly erred when it determined Stiger's comments to be "*not* akin to the use of the unambiguously racial epithet . . . in *Ayissi-Etoh*," and that the district court abused its discretion when, in response to her Rule 60(b)(1) motion, it refused to remedy that error. *Toomer v. Esper*, 464 F. Supp. 3d at 169 (emphasis added). We disagree. The district court, having correctly identified the controlling standard, reached a reasonable conclusion about the merits of this claim when it decided the Secretary's summary judgment motion and thus did not abuse its discretion when it declined to revise that ruling to adopt Toomer's rehashed argument about Stiger's alleged comments.

Toomer also contends the district court abused its discretion by failing to assess the suspended figure and Stiger's words cumulatively. In light of the preceding discussion, the district court was well within its discretion to hold that the combination of those occurrences adds little.[4]

---

[4] We observe one legal error in the district court's analysis of the hostile work environment claim but note that it was ultimately immaterial to the district court's sound decisions in the Secretary's favor. Contrary to the district court's suggestion that certain of Toomer's arguments failed because the only evidence she

**B.** **The District Court Also Did Not Abuse Its Discretion In Rejecting Toomer's Rule 60(b)(1) Motion Regarding Her Retaliation Theories**

Toomer next argues that she faced retaliation for EEO complaints she made from May to December 2010, and that the district court should have granted her Rule 60(b)(1) motion seeking a correction of that court's clear error in granting summary judgment to the Secretary on this claim. She pursues two theories. The district court concluded neither has merit, and thus that its judgment did not need correcting. We agree.

*First*, Toomer contends that she faced a retaliatory hostile work environment. *See Baird v. Gotbaum*, 792 F.3d 166, 168–69 (D.C. Cir. 2015). When it revisited its summary judgment ruling in the context of Toomer's Rule 60(b)(1) motion, the district court assessed each of the incidents upon which Toomer based her claim both independently and cumulatively. For instance, with respect to a workplace training Toomer was ordered to attend and a related one-day suspension, the court noted that the record established unrebutted legitimate purposes: Toomer was ordered to attend the training because she had engaged in inappropriate banter with a coworker and was suspended for refusing to attend the training and for failing to follow the Agency's leave policy. *Toomer v. Esper*, 464 F. Supp. 3d at 170–71. The court similarly concluded that Toomer failed to rebut the Agency's legitimate reasons for several of the other actions that undergirded her retaliatory hostile work environment claim. *See id.*; *Toomer v. Mattis*, 266 F. Supp. 3d at 198–205. We see no clear error in these determinations, much less any abuse of discretion by the district court in rejecting Toomer's motion for relief from the judgment on this basis.

As for Toomer's contention that her ultimate termination was retaliatory, the district court again did not abuse its discretion in concluding there was no clear legal error in its summary judgment decision rejecting that argument about NGA's motivation. In fact, the court appropriately credited the Agency's undisputed evidence that Toomer had engaged in a pattern of insubordination with respect to sensitive material inadvertently shared with her. *Toomer v. Esper*, 464 F. Supp. 3d at 171–72. Moreover, Toomer did not meaningfully contest these facts at summary judgment, or when she moved for relief from the judgment, or even on appeal before this court; instead, she elides those undisputed facts in favor of a more nefarious narrative. We decline to indulge her unsupported framing and find no error in the district court's fulsome analysis

provided was her own "self-serving" testimony, *Toomer v. Mattis*, 266 F. Supp. 3d at 200; *Toomer v. Esper*, 464 F. Supp. 3d at 170–71, we reiterate that "there is no rule of law that the testimony of a discrimination plaintiff, standing alone, can never make out a case of discrimination that could withstand a summary judgment motion," *Johnson v. Perez*, 823 F.3d 701, 710 (D.C. Cir. 2016) (citation omitted) ("[P]arties, like other fact witnesses, are legally competent to give material testimony."). Unfortunately, this misunderstanding remains common despite our clarification in *Johnson*, in part due to continued reliance on pre-*Johnson* decisions. *See, e.g.*, *Phillips v. Spencer*, 390 F. Supp. 3d 136, 170 (D.D.C. 2019); *Jangjoo v. Sieg*, 319 F. Supp. 3d 207, 223 (D.D.C. 2018); *see also Brooks v. Kerry*, 37 F. Supp. 3d 187, 210 n.12 (D.D.C. 2014) (collecting pre-*Johnson* cases holding "self-serving" testimony insufficient to survive summary judgment). We are nevertheless satisfied that this error was immaterial because the district court made clear that the "self-serving" nature of Toomer's testimony was merely an alternative basis for its decisions. *See Toomer v. Mattis*, 266 F. Supp. 3d at 200; *Toomer v. Esper*, 464 F. Supp. 3d at 170–71; *see also Scott v. Dist. Hosp. Partners L.P.*, 715 F. App'x 6, 7 (D.C. Cir. 2018) (noting in similar circumstances that an identical error did not warrant disrupting a district court's otherwise sound judgment).

nor any abuse of discretion in its refusal to upend its summary judgment decision in this respect.

*Second*, Toomer insists that the district court clearly erred at summary judgment in its assessment of her cat's-paw theory of liability because it declined to assess the secondary issue of causation. Our precedents make clear that the cat's-paw theory of discrimination or retaliation can prevail only when a plaintiff adduces evidence that an improperly motivated supervisor's animus was the proximate cause of an adverse employment action, even where the ultimate "formal decision maker may be an unwitting conduit of another actor's illicit motives." *Walker v. Johnson*, 798 F.3d 1085, 1095 (D.C. Cir. 2015); *see Burley v. Nat'l Passenger Rail Corp.*, 801 F.3d 290, 297 (D.C. Cir. 2015). Consistent with this standard, the district court determined that there was no need to assess causation in this case, because "Toomer failed to present any evidence that would allow a reasonable jury to find that" the relevant decisionmakers were "motivated even in part by racial discrimination." *Toomer v. Esper*, 464 F. Supp. 3d at 172 (quoting *Burley*, 801 F.3d at 297). In other words, because Toomer lacked any evidence of animus, the district court stopped short of assessing whether any unproven animus influenced her termination. That approach is perfectly consistent with our precedent, *see Burley*, 801 F.3d at 297, and the district court did not abuse its discretion when it rejected the Rule 60(b)(1) motion on this basis.

In sum, Toomer has fallen far short of demonstrating that the district court abused its discretion when it rejected her motion for relief from the judgment it had issued in the Secretary's favor. Thus, even if we assume that clear errors of legal reasoning can be remedied through a Rule 60(b)(1) motion, Toomer has not demonstrated any such error in the district court's summary judgment decision, much less that the court abused its discretion by ignoring such an error.

## II.

Toomer alternatively claims that district court should have revised its judgment under Rule 60(b)(6), a catch-all provision that permits a district court to consider "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under this provision is committed to the discretion of the district court and is warranted only in "extraordinary circumstances." *Kramer v. Gates*, 481 F.3d 788, 791 (D.C. Cir. 2007) (citation omitted); *see Buck v. Davis*, 137 S. Ct. 759, 777–78 (2017). It cannot be invoked "to rescue a litigant from strategic choices that later turn out to be improvident," *Kramer*, 481 F.3d at 792 (citation omitted), like a choice to forego a direct appeal.

Circumstances extraordinary enough for appellate intervention after a district court has denied a Rule 60(b)(6) motion are rare. *Cf. Buck*, 137 S. Ct. at 778–80. And we agree with the district court that Toomer's generalized and conclusory assertions of the injustices she faces because of that court's decision fail to establish circumstances that demand relief.

\* \* \*

Because Toomer has not demonstrated that the district court abused its discretion when it denied her Rule 60(b) motion, we affirm.

4