**Father Ray LEONARD and Fred Naylor, Appellants**

v.

**UNITED STATES DEPARTMENT OF DEFENSE, et al., Appellees.**

No. 14–5136.

United States Court of Appeals, District of Columbia Circuit.

March 20, 2015.

Erin Elizabeth Mersino, Ann Arbor, MI, for Appellants.

Gerard Joseph Sinzdak, DOJ Appellate Counsel, Michael S. Raab, U.S. Department of Justice, Washington, DC, for Appellees.

Before: HENDERSON and SRINIVASAN, Circuit Judges, and SENTELLE, Senior Circuit Judge.

***JUDGMENT***

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. The Court has accorded the issues full consideration and determines that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

Father Ray Leonard is a Catholic minister at the naval submarine base in Kings Bay, Georgia. His contract for fiscal year 2014 began on October 1, 2013, the same day a federal-government shutdown began. Leonard was prohibited from providing Catholic services during the shutdown because the Department of Defense (DOD) could not pay him. He believed that this prohibition was unlawful and filed suit, alleging a violation of the First Amendment to the United States Constitution and the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb *et seq.* Once the government shutdown ended on October 17, 2013, Leonard returned to work. Shortly afterward, a DOD official asked Leonard to sign a new contract because his old one did not include certain terms required by federal law. Leonard believed the new terms were a reprisal for

his lawsuit and therefore amended his complaint to include a First Amendment retaliation claim. In the meantime, the DOD continued to pay Leonard pursuant to an implied-in-fact contract. The district court dismissed his First Amendment and RFRA claims as moot and dismissed his retaliation claim on lack of standing. *See Leonard v. DOD*, 38 F.Supp.3d 99, 104–08 (D.D.C.2014).

Leonard's First Amendment and RFRA claims are indeed moot. "Article III, Section 2 of the Constitution permits federal courts to adjudicate only actual, ongoing controversies." *Daimler Trucks N. Am. LLC v. EPA*, 745 F.3d 1212, 1216 (D.C.Cir. 2013). Leonard does not challenge the district court's holding that his request for damages is barred by sovereign immunity. *See Leonard*, 38 F.Supp.3d at 104 n. 2. Because only his claims seeking injunctive and declaratory relief remain, he must allege an ongoing or imminent injury. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 109, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief if unaccompanied by any continuing, present adverse effects." (internal alteration omitted)). Leonard's complaint contains no such allegation. Moreover, his claims do not qualify for the capable-of-repetition, yet-evading-review exception to the mootness doctrine because the likelihood of a future government shutdown is "too speculative." *Columbian Rope Co. v. West*, 142 F.3d 1313, 1317 (D.C.Cir.1998). Nor do his claims qualify for the voluntary-cessation exception to the mootness doctrine because that exception "does not apply when the voluntary cessation of the challenged activity occurs because of reasons unrelated to the litigation." *ACLU of Mass. v. U.S. Conference of Catholic Bishops*, 705 F.3d 44, 55 (1st Cir.2013).

Leonard also lacks standing to pursue his retaliation claim. "[W]here the plaintiff[ ] seek[s] declaratory and injunctive relief, past injuries alone are insufficient to establish standing. Rather, [the plaintiff] must show he is suffering an ongoing injury or faces an immediate threat of injury." *Dearth v. Holder*, 641 F.3d 499, 501 (D.C.Cir.2011). Leonard's amended complaint, however, does not describe any ongoing or imminent injury related to his contract. In fact, he acknowledges that he was paid under his original contract. Am. Compl. ¶ 78.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41(a).