# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 19-5258**

**September Term, 2019**

FILED ON: JULY 15, 2020

ATLAS BREW WORKS, LLC,
                    APPELLANT

v.

WILLIAM P. BARR, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STATES,
                    APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:19-cv-00079)

Before: MILLETT, KATSAS, and RAO, *Circuit Judges*.

## J U D G M E N T

The Court has considered this appeal on the record from the United States District Court for the District of Columbia and on the briefs of the parties. *See* FED. R. APP. P. 34(a)(2); D.C. CIR. R. 34(j). The Court has accorded the issues full consideration and determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the reasons set out below, it is

**ORDERED AND ADJUDGED** that the judgment of the district court be **AFFIRMED**.

Atlas Brew Works is a craft brewery located in Washington, D.C., with regular interstate beer sales. To comply with federal law, Atlas must frequently obtain certificates of label approval ("COLAs") from the Secretary of the Treasury prior to releasing seasonal and limited release beers with a rapid production and marketing cycle. *See* 27 U.S.C. § 205(e) (prohibiting brewers, vintners, and distillers from selling alcohol across state lines without a COLA). To obtain a COLA, brewers must submit proposed labels to the Treasury Department's Alcohol and Tobacco Tax and Trade Bureau ("Bureau") for approval. *See* 27 C.F.R. § 7.1 *et seq.* The Attorney General may bring actions in federal district court to enforce the COLA requirement, the violation of which is a misdemeanor punishable by fines of up to $1,000 per offense. *See* 27 U.S.C. § 207.

On December 20, 2018, Atlas sought COLAs for beer labels intended for sale on the interstate market. On December 22, however, a lapse in federal appropriations halted the COLA

1

review process as part of a government-wide shutdown. The Bureau closed its doors without acting on the pending applications or any further applications submitted by Atlas during the shutdown.

On January 15, 2019, Atlas sued the Attorney General in the U.S. District Court for the District of Columbia to prevent enforcement of the COLA requirement against the specific beer labels awaiting Bureau approval and generally against any interstate beer sales. The shutdown ended on January 25, and the Bureau soon approved all of Atlas's pending COLA applications. The district court denied relief as to those specific labels because the issue was moot. *See* Order, *Atlas Brew Works LLC v. Whitaker*, No. 19-cv-79 (D.D.C. Jan. 29, 2019). Nevertheless, Atlas amended its complaint to request declaratory relief and a permanent injunction barring the Attorney General from enforcing the COLA requirement during any future government shutdown. Atlas argued the COLA requirement for beer labels amounts to an unconstitutional infringement on speech whenever the regulatory approval process is unavailable. *See* Amended Compl. ¶¶ 37–43 (citing, *inter alia*, *Rubin v. Coors Brewing Co.*, 514 U.S. 476 (1995)).

The district court concluded Atlas's challenge to the Attorney General's enforcement policy was also moot and dismissed the case. *See Atlas Brew Works, LLC v. Barr*, 391 F. Supp. 3d 6 (D.D.C. 2019). First, the court found Atlas alleged no present harm from the Attorney General's presumed enforcement policy and noted that whether Atlas would be harmed by the policy in the future depended on several layers of discretionary decisionmaking by the Executive Branch. *Id.* at 13–14. Next, the court found Atlas failed to carry its burden of showing the "capable of repetition yet evading review" exception to mootness applied to its claims. *Id.* at 16. Atlas timely appealed.

Our review is de novo. *Del Monte Fresh Produce Co. v. United States*, 570 F.3d 316, 321 (D.C. Cir. 2009). Lawsuits must meet Article III's case-or-controversy requirement "not only 'at the time the complaint is filed,' but through 'all stages' of the litigation." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013) (quoting *Alvarez v. Smith*, 558 U.S. 87, 92 (2009)). Cases become moot, and federal courts lose jurisdiction, "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 91 (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)). When litigating whether a dispute is moot, "[t]he party seeking jurisdictional dismissal bears the initial heavy burden of establishing mootness, but the opposing party bears the burden of proving an exception applies." *J.D. v. Azar*, 925 F.3d 1291, 1307 (D.C. Cir. 2019) (per curiam) (cleaned up).

Atlas plausibly alleged a concrete Article III injury when the suit commenced because the indefinite nature of the shutdown forced Atlas to choose between risking enforcement penalties by violating the COLA requirement or forgoing expressive activity on new beer labels. *See Del Monte*, 570 F.3d at 324 ("[S]tanding is assessed as of the time a suit commences."). Atlas does not challenge the Secretary's COLA regulations or their administration by the Bureau, only the lack of COLA processing during the government shutdown. When the shutdown ended, however, the Bureau resumed COLA processing and effectively ended the alleged infringement on speech. Thus, Atlas no longer alleged a live dispute, rendering the case moot and depriving the district court of jurisdiction.

Atlas raises three arguments to resuscitate its lawsuit, none of which are persuasive. First, Atlas argues that although its challenge as to the pending applications was mooted when the Bureau granted the COLAs, its challenge to the Attorney General's alleged enforcement policy

survives the mootness of specific applications of that policy. As we explained in *City of Houston v. HUD*, "[i]t is well-established that if a plaintiff challenges both a specific agency action and the *policy* that underlies that action, the challenge to the policy is not necessarily mooted merely because the challenge to the particular agency action is moot." 24 F.3d 1421, 1428 (D.C. Cir. 1994). To challenge such a policy, the plaintiff must have "standing to attack future applications of that policy" and its claim must be "ripe for review." *Id*. at 1430.

Atlas's challenge fails these requirements because it alleges no concrete and imminent injury capable of satisfying either prong. To begin with, the precise contours of the Attorney General's enforcement policy are not sufficiently "fixed and definite." *Id.* at 1429 (quoting *Super Tire Eng'g Co. v. McCorkle*, 416 U.S. 115, 124 (1974)). The Department of Justice has not stated that it will enforce COLA violations during future shutdowns. Atlas argues we must nevertheless presume a concrete injury in light of the "conventional background expectation that the government will enforce the law." *U.S. Telecom Ass'n v. FCC*, 825 F.3d 674, 739 (D.C. Cir. 2016) (citation omitted). Even assuming such an enforcement policy exists, however, injury to Atlas depends upon several independent exercises of executive discretion, including decisions to shutter the COLA approval process and also to continue enforcing labeling requirements during a shutdown. Lapses of government funding often involve complicated legal and policy decisions to determine which government functions will remain available, decisions made by the affected agencies in conjunction with the Office of Management and Budget. The combination of factors necessary for a cognizable injury here is too speculative to support jurisdiction. Moreover, a pre-enforcement First Amendment challenge to a government policy must include "a credible statement by the plaintiff of intent to commit violative acts." *Id.* (citation omitted); *see also Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014). Atlas has not stated a credible intent to violate the COLA requirement unless a shutdown lasts long enough to endanger its operations—longer, that is, than the 2018-2019 shutdown during which Atlas refrained from violating the law. In these circumstances, deciding Atlas's claims would require the court to evaluate an alleged enforcement policy by assuming a series of hypothetical decisions by government agencies as well as Atlas. Such speculative decisionmaking would take us outside the boundaries of the judicial power.

Second, Atlas argues that its challenge falls within the "capable of repetition yet evading review" exception to mootness. Under this exception, a case may continue notwithstanding mootness if the plaintiff demonstrates "(1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again." *Del Monte*, 570 F.3d at 322 (citation omitted); *see also United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1540 (2018). Atlas comes up short here as well because it failed to demonstrate a reasonable expectation that it would be subjected to the same harms in the future. The number of contingencies and discretionary decisions that must occur simultaneously are too numerous to establish "a reasonable expectation" of recurrence, which our cases describe as "some likelihood" the injury will repeat. *Ralls Corp. v. CFIUS*, 758 F.3d 296, 324–25 (D.C. Cir. 2014) (citation omitted). As the district court noted, for this dispute to arise again: "a lapse in appropriations must happen; the lapse must affect the Treasury Department; the lapse must last long enough to actually cause a shutdown; Treasury must respond to the shutdown by shuttering the [Bureau's] COLA processing; and Atlas must have

a COLA application pending at the time the shutdown begins or file one shortly thereafter." *Atlas Brew Works*, 391 F. Supp. 3d at 19. Our court recently rejected the applicability of the "capable of repetition yet evading review" exception in a similar situation "because the likelihood of a future government shutdown is 'too speculative.'" *Leonard v. DOD*, 598 F. App'x 9, 10 (D.C. Cir. 2015) (quoting *Columbian Rope Co. v. West*, 142 F.3d 1313, 1317 (D.C. Cir. 1998)). Atlas presents no persuasive argument to distinguish its circumstances from *Leonard* or other similar cases. *See, e.g.*, *Am. Fed'n of Gov't Emps. v. Raines*, No. 98-5045, 1998 WL 545417 (D.C. Cir. July 15, 1998) (affirming dismissal of shutdown-related claims as moot and incapable of repetition). Therefore, we apply the same reasoning here to conclude this exception to mootness does not apply to Atlas's claims.

Finally, Atlas argues for the first time on appeal that the Attorney General's enforcement policy inflicts present harms on its business by forcing it to plan for compliance during future shutdowns. This claimed injury is distinct from the speech ban that Atlas relied on to plead standing below, and the argument is therefore forfeited. *See Huron v. Cobert*, 809 F.3d 1274, 1280 (D.C. Cir. 2016). Atlas's complaint said nothing about present harms other than "[a]ny inordinate delay in obtaining a COLA can threaten Atlas's business," Amended Compl. ¶ 17, and the company cannot now supplement its allegations to survive mootness on appeal.

For the foregoing reasons, the judgment of the district court is affirmed. Pursuant to D.C. Circuit Rule 36(d), this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
        Daniel J. Reidy
        Deputy Clerk